IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEMETRIUS ATKINS,

                Plaintiff,

                                          CIVIL ACTION
    vs.                                      No. 09-3270-SAC

NURSE PRACTITIONER RHONDA, et al.,

                Defendants.


### ORDER

    Plaintiff proceeds pro se on a complaint seeking damages and injunctive relief under 42 U.S.C. § 1983 on allegations concerning his medical treatment at a Kansas correctional facility. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    Plaintiff seeks relief on allegations of improper medical treatment at the Hutchinson Correctional Facility (HCF). The two defendants named in the complaint are HCF Nurse Practitioner Rhonda and HCF Nurse Jammie Warren. Plaintiff states that Nurse Practitioner Rhonda gave him Inderal in September 2007 to treat plaintiff's migraine headaches, and claims this medication caused him to experience a serious medical problem some four days later for which plaintiff received immediate treatment. A doctor then

discontinued the Inderal, stating it was not an appropriate migraine medication and was contrary to plaintiff's preexisting asthma and diabetes. Plaintiff now seeks relief for defendants' negligent and reckless medical care.

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

A two year statute of limitations applies to actions filed in the District of Kansas seeking relief under § 1983. See *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir.2006)("The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a).")(citations omitted). Plaintiff did not file his complaint until December 17, 2009, well outside the two year limitation period. It thus appears clear on the face of the complaint that this action is time barred.

Additionally, even if there were no time bar, plaintiff's allegations do not present a claim upon which relief under § 1983 can be granted against either defendant.

To proceed under § 1983, plaintiff must be able to demonstrate the deprivation of "a right secured by the Constitution and the laws of the United States" by a person acting under color of state law. *Jenkins v. Currier*, 514 F.3d 1030, 1033 (10th Cir.2008). While deliberate indifference to a prisoner's serious medical needs can violate the Eighth Amendment prohibition against cruel and unusual

punishment, *Estelle v. Gamble*, 429 U.S. 97 (1976), allegations of negligence are insufficient to state an actionable claim. See *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1142 (10th Cir.2005)(mere difference of opinion about treatment, even among professionals, does not give rise to Eighth Amendment claim). It is plain that plaintiff received prompt and appropriate treatment for his adverse reaction to Inderal. Plaintiff's allegation that Nurse Practitioner Rhonda improperly administered this medication, and did so without first consulting a physician, presents at most a state tort claim of malpractice rather than a cognizable constitutional claim.

Nor is any claim for relief stated against Nurse Jammie where plaintiff alleges no misconduct by this defendant in the complaint. See *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(quotation omitted).

**Notice and Show Cause Order to Plaintiff**

The court thus directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim upon which relief can be granted under § 1983. 28 U.S.C. § 1915(e)(2)(B)(ii). The failure to file a timely response may result in the complaint being dismissed for the reasons stated above, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the

remainder of the $350.00 district court filing fee as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 19th day of January 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge