IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS

**DEMETRIUS ATKINS,**

         **Plaintiff,**
                  CIVIL ACTION
   **vs.**                No. 09-3270-SAC

**NURSE PRACTITIONER RHONDA, et al.,**

         **Defendants.**


<u>ORDER</u>

  Plaintiff proceeds pro se and in forma pauperis on a complaint seeking damages and injunctive relief under 42 U.S.C. § 1983 on allegations of improper medical treatment at the Hutchinson Correctional Facility (HCF). The two defendants named in the complaint are HCF Nurse Practitioner Rhonda and HCF Nurse Jammie Warren. Plaintiff states that Nurse Practitioner Rhonda gave him Inderal in September 2007 to treat plaintiff's migraine headaches, and claims this medication caused him to experience a serious medical problem some four days later for which plaintiff received immediate treatment. A doctor then discontinued the Inderal, stating it was not an appropriate migraine medication and was contrary to plaintiff's preexisting asthma and diabetes. Plaintiff now seeks relief based upon defendants' alleged negligence and reckless medical care.

  After reviewing plaintiff's allegations, the court directed plaintiff to show cause why the complaint should not be summarily dismissed because plaintiff's claims were barred by the two year

statute of limitation applicable to his claims. *See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir.1993); K.S.A. 60-513(a)(4). Moreover, even if not time barred, the court found plaintiff's allegations were insufficient to state a plausible claim for relief under § 1983 against either defendant because plaintiff at most alleged a state tort claim of malpractice against Nurse Practitioner Rhonda, and alleged no misconduct by Nurse Jammie.

In response, plaintiff contends the two year statute of limitations should be tolled for the four month period plaintiff was held in segregation immediately after the 2007 incident. Plaintiff also appears to reference an "amended malpractice complaint" he will be filing that will show misconduct by Nurse Jamie in administering medication not advisable for plaintiff's medical condition.

The court finds no merit to plaintiff's argument for tolling, and continues to find plaintiff's claims are time barred and should be dismissed

Citing *Hardin v. Strub*, 490 U.S. 536 (1989), plaintiff claims tolling is warranted because his lack of full access to law library for that four month period in 2007 created a disability. However, the Supreme Court in *Hardin*, examining a Michigan statute that tolled limitations periods for prisoners, held the Michigan tolling statute applied to § 1983 actions brought in federal court in that state. *Id*. at 543-44. While noting other states including Kansas have similar tolling statutes, the Supreme Court also observed the Kansas statute, K.S.A. 60-515, is inapplicable to a prisoner who

2

"has access to the court for purposes of bringing an action." Although plaintiff cites restrictions on his access to legal resources during his four months in segregation, he identifies no factual basis for establishing he was thereby denied access to the courts. Also, given the limited duration of plaintiff's segregation which still allowed him ample time within the two year limitation period to initiate his suit in a timely manner, no extraordinary circumstances are apparent that might warrant equitable tolling of the state limitation period.

Moreover, the court finds plaintiff's response and reference to a possible future amended complaint further highlight that he is attempting to pursue relief on a state tort claim rather than any plausible Eighth Amendment claim of deliberate indifference.

The court thus concludes the complaint is time barred and should be dismissed as stating no claim under § 1983 upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that the complaint is dismissed pursuant to 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED: This 11th day of May 2011 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge